IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| NOAH MUHAMMAD, #241548, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:25-cv-00002 ) Judge Trauger |
| WARDEN CHRISTOPHER BRUN, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

State inmate Noah Muhammad filed a pro se civil rights complaint (Doc. No. 1), an amended complaint (Doc. No. 6) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) Because of a deficiency in his IFP application, the court ordered the plaintiff to either pay the full $405 civil filing fee or file a new pauper application within 30 days and directed the Clerk to provide him with an appropriate form. (Doc. No. 7, entered July 14, 2025.) The court warned the plaintiff that failure to comply with this requirement by the deadline or request an extension of time may result in dismissal of the complaint for want of prosecution. (*Id.* at 2.)

The deadline for compliance with the court's July 14 order has passed without any response from the plaintiff. He has not moved for an extension of his deadline, nor has he paid the fee or renewed his pauper application. Furthermore, on August 7, 2025, the court's most recent mailing to the plaintiff was returned indicating that he had been released from custody. (Doc. No. 8.) In short, the plaintiff has failed to prosecute his case and to keep the court apprised of his current address. Both failures justify dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, *see also* M.D. Tenn. L.R. 41.01(b), pursuant to the court's "well settled . . . authority to dismiss

sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Due to the plaintiff's pro se status and the preference for disposing of cases on their merits, *see Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)), the dismissal will be without prejudice.[1]

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

---

[1] This form of dismissal removes the case from the court's docket, but "without barring the plaintiff from returning later, to the same court, with the same underlying claim," so long as any refiling is accomplished "within the applicable limitations period." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (quoting Black's Law Dictionary (7th ed. 1999)).